UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTONIO MENDEZ, JR., | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-42-TS |
| | ) | (1:05-CV-49-TS) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on Antonio Mendez's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 [DE 35], filed on February 7, 2005. The Petitioner seeks to challenge his sixty month sentence for conspiracy to distribute marijuana. Because the Petitioner did not file his habeas petition until one year after his conviction became final, and no circumstances exist to justify tolling the statute of limitations, the Petition is dismissed as untimely under 28 U.S.C. § 2255.

**BACKGROUND**

On June 25, 2003, the Defendant was charged in a three-count Indictment with violating 21 U.S.C. §§ 841(a)(1) and 846, possessing marijuana with intent to distribute (two counts), and conspiracy to distribute marijuana. On August 14, 2003, the Petitioner appeared before Magistrate Judge Cosbey, along with his counsel, and pleaded guilty of conspiracy to distribute marijuana. In his written and signed Plea Agreement with the government, the Petitioner agreed to plead guilty in exchange for the government's agreement to recommend a sentence reduction for acceptance of responsibility, to recommend the low end of the sentencing guideline range, and to dismiss Counts One and Two of the Indictment at the time of sentencing. The Petitioner also agreed to waive his

right to appeal his sentence or to contest his sentence in any post-conviction proceeding. In addition, in the Plea Agreement, the Petitioner acknowledged his understanding that the Court would determine the applicable sentence guideline range and determine all matters relevant to the application of the sentencing guidelines, including the role in the offense adjustments. The parties agreed that the amount of marijuana involved was more than 100 kilograms but less than 200 kilograms. On August 29, 2003, this Court accepted the Magistrate's recommendation on the plea and adjudged the Petitioner guilty.

On November 10, 2003, the Court sentenced the Petitioner to 60 months imprisonment. The Court, in accordance with the probation officer's recommendation in the Presentence Investigation Report, added 2 points to the Petitioner's base offense level under U.S.S.G. § 3B1.1(c) for the Petitioner being an organizer, leader, manager, or supervisor of less than 5 participants in the commission of the offense. The Court also subtracted 3 points for the Petitioner's acceptance of responsibility for a total offense level of 25. The imprisonment range was 57 to 71 months. The statutory mandatory minimum sentence was 5 years. The Petitioner did not seek an appeal.

On February 7, 2005, the Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He contends that the Court inappropriately increased his offense level for his leader role in the offense. The Petitioner argues that he did not plead, or otherwise stipulate, to his role in the offense and the court's finding violated his constitutional rights under *Booker* to have all the facts affecting sentencing determined by a jury beyond a reasonable doubt. The Petitioner submits that without the adjustment, his guideline range would have been 47 to 57 months and he would have qualified for the safety valve provision, which would have entitled him to circumvent the statutorily required minimum sentence of 60 months.

In its Response, filed on March 24, the government argues that the Petition is untimely, the Petitioner waived any right to appeal his sentence in the Plea Agreement, the Petition is procedurally barred, and the two-point enhancement was appropriate.

The Petitioner filed a Reply on April 11, 2005.

## DISCUSSION

### A. Timeliness

The government contends that the Petition, filed on February 7, 2005, is untimely in light of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The government maintains that the Petition was not filed within the one year statute of limitations imposed by the Act. According to the government, the one-year period started no later than November 20, 2003. The government arrives at this date by adding ten days, the time that a defendant has to file a notice of appeal, to November 10, the day the Court entered its judgment in the case.

In his Reply, the Petitioner urges the Court to liberally construe his Petition and, in the best interest of justice, consider his pleading. The Petitioner also relies on *Ellzey v. United States*, 324 F.3d 521 (7th Cir. 2003), to argue that the Petitioner's conviction did not become final until February 10, 2005, when, purportedly, the time period for filing a petition for certiorari expired.

#### *1. AEDPA Statute of Limitations*

The AEDPA established a one-year statute of limitations for all habeas proceedings. The one-year limit runs on § 2255 motions from the latest of:

(1) the date on which the judgment of conviction becomes final;

3

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6 (1–4).

In this case, the judgment of conviction became final no later than when the ten-day period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)(i) expired, or November 20, 2003. Therefore, the Petitioner had until November 20, 2004, to file his § 2255 motion. The Petitioner did not file until February 7, 2005, over two months too late. *Ellzey v. United States*, which the Petitioner cites to advance a different, much later, date from which to measure the one-year statute of limitations, does not apply to cases where no direct appeal was taken. *See Ellzey*, 324 F.3d at 524 (discussing when judgment of conviction becomes final where appellate court affirms petitioner's conviction and petitioner does not seek certiorari). Accordingly, unless one of the enumerated grounds set forth in § 2255 extends the one-year limit, the Court must dismiss the Petition as untimely.

### *2. Grounds to Extend One-Year Limit*

Because there was no government-created impediment to filing his Petition and the Petitioner's motion is not predicated on any newly discovered facts, the only provision that might apply is the third. Under that provision, the one-year statue of limitations begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

4

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Petitioner's motion is premised on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). However, the decision in *Booker* does not apply retroactively to criminal cases that became final before January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481(7th Cir. 2005) (holding that the rights recognized by *Booker* do no apply retroactively on collateral review). Therefore, the Petitioner is not entitled to the benefits of this provision.[1] Thus, the Petition is untimely unless any of the time can be equitably tolled.

### *3. Equitable Tolling*

The one-year limitations period on collateral attacks is subject to equitable tolling. *Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004). However, the Seventh Circuit has recognized that equitable tolling is a remedy reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing and represents such exceptional relief that no circumstance have yet been identified that would justify equitable tolling in the collateral relief context. *Id.* at 484. In this case, the Petitioner presents no argument that equitable tolling would be applicable and the Court can find no such reason even from a liberal reading of the Petition's submissions.

**B. Other Grounds for Dismissal**

Because the Court finds that the Petition is untimely, it need not address the government's alternative arguments regarding waiver, procedural bars, and the appropriateness of the sentence.

---

[1] In fact, because the entire basis of the Petitioner's motion to vacate his sentence is predicated on his understanding of *Booker*, even if the Petition was timely filed, *Booker* would not apply.

## CONCLUSION

For the foregoing reasons, the § 2255 Petition [DE ] is DENIED.

SO ORDERED on April 29, 2005.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT